Filed 8/19/15  P. v. Baumgaertel CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062799 |
| v. | (Super.Ct.No. FVI1400636) |
| DAVID ALLEN BAUMGAERTEL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Raymond L. Haight III, Judge.  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant David Allen Baumgaertel was charged by felony complaint with evading an officer (Veh. Code § 2800.2, subd. (a), count 1), transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a), count 2), bringing controlled substances into a jail (Pen. Code, § 4573, count 3), and

street terrorism (Pen. Code, § 186.22, subd. (a), count 4). The complaint also alleged that defendant had suffered eight prior prison terms. (Pen. Code, § 667.5, subd. (b).) Pursuant to a plea agreement, defendant pled no contest to count 1. The parties agreed to add a prior strike conviction to the complaint. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) Defendant admitted the prior strike conviction and one prison prior. The court sentenced defendant, as agreed upon, to two years on count 2, doubled pursuant to the strike conviction, plus one year on the prison prior, for a total of five years in state prison. The court awarded him 580 custody credits, consisting of 290 actual days and 290 conduct credits. It also dismissed the remaining counts and allegations.

Defendant filed a timely notice of appeal, stating that the appeal was based on the sentence or other matters occurring after the plea. We affirm.

FACTUAL BACKGROUND

The parties stipulated that the police report contained a factual basis for the plea. The following facts are taken from the police report. On February 17, 2014, a police officer observed a traffic violation and attempted to make a traffic stop. The driver of the vehicle was later identified as defendant. Defendant led the officer on a high-speed chase for approximately 22.5 miles, during which he violated several traffic laws. He finally yielded at a gas station and was taken into custody at gunpoint. While at the jail for booking, officers conducted a search of defendant and discovered a baggie containing methamphetamine.

## ANALYSIS

Defendant appealed, and upon his request this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issue: whether defendant was sentenced in accordance with his plea agreement.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

We have now concluded our independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
     J.

CODRINGTON
     J.